IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
NOV 04 2010
U.S. DISTRICT COURT
INDIANAPOLIS, INDIA.

| | |
|---|---|
| LEE HUGHES and ELIZABETH LEFTWICH, On behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHATTEM, INC.,<br><br>Defendant. | 1:10-cv-1407 SEB-DML<br>Case No. _____<br><br>CLASS ACTION COMPLAINT<br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiffs Lee Hughes and Elizabeth Leftwich ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their undersigned counsel, bring this class action against Defendant Chattem, Inc., ("Chattem"), demanding a trial by jury, and alleging as follows:

### INTRODUCTION

1. This is a consumer class action brought on behalf of all persons in the United States who purchased the weight loss product, Dexatrim® Max™ ("Dexatrim"), developed, manufactured, marketed and/or sold by Chattem. Chattem actively promoted Dexatrim through a nationwide marketing campaign, both online and in stores, as being safe and healthy.

2. The truth is, however, Dexatrim contains the hazardous chemical hexavalent chromium, which has been linked to various diseases and illnesses, including lung cancer. Chattem was aware of, or should have been aware of, the presence of this dangerous chemical in Dexatrim, but failed to inform Plaintiffs and other unwitting consumers. Rather, Chattem promoted Dexatrim as being safe and healthy.

3. Chattem made misrepresentations concerning the product quality, safety and healthiness, and misled the public in general and their customers in particular. These misrepresentations and/or omissions diminished the value of the product and more importantly, subjected Plaintiffs and other consumers to a dangerous chemical which has the potential to cause great harm.

## THE PARTIES

4. Plaintiff Lee Hughes is an individual consumer who, at all times material hereto, was and is a resident of Floyd County, Indiana, and as such, a "citizen" of the State of Indiana.

5. Plaintiff Elizabeth Leftwich is an individual consumer who, at all times material hereto, was and is a resident of Clark County, Indiana, and as such, a "citizen" of the State of Indiana.

6. Defendant Chattem is a corporation organized and existing under the laws of the State of Tennessee with its principal executive offices located at 1715 West 38th Street, Chattanooga, Tennessee 37409. Chattem is a marketer and manufacturer of a portfolio of branded over-the-counter health care products, toiletries and dietary supplements. At all times relevant hereto, Chattem was and is doing business in this District.

7. At all times herein mentioned, the employees of Chattem, its subsidiaries, affiliates and other related entities, were the agents, servants and employees of Chattem, and at all times herein mentioned, each was acting within the purpose and scope of said agency and employment. Whenever reference in this Complaint is made to any act or transaction of Chattem, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Chattem committed, knew of, performed, authorized, ratified and/or

directed such act or transaction on behalf of Chattem while actively engaged in the scope of their duties.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts of any class action in which any member of the plaintiff class is a citizen of a state different from any defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000, exclusive of interest and costs. Plaintiffs allege that the total claims of individual members of the Class in this action are in excess of $5,000,000 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5). Each Plaintiff is a citizen of the State of Indiana, and as set forth above, Chattem is a citizen of the State of Tennessee. Therefore, diversity of citizenship exists under CAFA as required by 28 U.S.C. § 1332(d)(2)(A). Furthermore, Plaintiffs allege that more than two-thirds of all of the members of the proposed Plaintiff Class in the aggregate are citizens of a state other than Indiana, where this action is originally being filed, and that the total number of members of the proposed Plaintiff Class is greater than 100, pursuant to 28 U.S.C. § 1332(d)(5)(B).

9. Venue in this district is proper pursuant to 28 U.S.C. §1391(a), (c), because Chattem is subject to personal jurisdiction in this district at the time the action is commenced, as a result of Chattem's significant contacts in this district. The cause of action accrued in this district because Plaintiffs purchased Dexatrim which is the subject to this litigation in this District.

## FACTUAL ALLEGATIONS

10. Dexatrim is a dietary supplement manufactured, marketed, distributed, and sold by Chattem allegedly designed to promote weight loss. On the Dexatrim website, Chattem claims that Dexatrim "gives you the power to lose weight, curb binges, and keel you in control of your diet."[1] Chattem manufactures various Dexatrim products under the Dexatrim Max brand including: Dexatrim Max Complex 7, Dexatrim Max Daytime Appetite Control, and Dexatrim Max Slim Packs.

11. The Dexatrim website has a separate page entitled "Dexatrim Healthy Living Center" where Chattem provides "tips on healthy ways to lose weight."[2] In addition, the website provides a "Frequently Asked Questions" section which contains the following statement:

> "Is Dexatrim safe?
>
> As with all dietary supplements, it is important to carefully follow the recommended dosage and thoroughly read the warning label before starting the regimen. Dexatrim is not an appropriate weight control aid for persons suffering from certain medical conditions. Please see our label information for each specific product (click on links below) and consult your physician for further information."[3]

12. ConsumerLab.com is an independent provider of independent test results and information to help consumers and healthcare professionals identify the best quality health and nutrition products. Its mission is "to identify the best quality health and nutritional products through independent testing."[4]

---

[1] http://www.dexatrim.com.

[2] *Id.*

[3] http://www.dexatrim.com/faqs.htm.

[4] https://www.consumerlab.com/aboutcl.asp.

13. In March 2010, ConsumerLab.com released a report where it conducted lab tests on various weight loss supplements, including Dexatrim, to determine whether the products met the claims on the labels regarding the ingredients, and moreover, whether the products contained any harmful ingredients. *See* "Product Review: Weight Loss Supplement Review (Green Tea, 7-Keto DHEA, and Stimulant Blends)" (the "Report"), attached hereto as Exhibit A.

14. The Report stated that "[n]either the FDA nor any other federal or state routinely tests supplements for quality prior to sale. Yet, there are many potential problems."

15. The Report concluded that many of the dietary supplements tested did not contain the ingredients in the amounts stated on the product label, and that some products even contained hazardous chemicals not mentioned on the label at all. Among other things, the Report stated that Dexatrim was contaminated with the hazardous chemical hexavalent chromium (also referred to as Cr(VI)) in the amounts of 1.6 to 3.3 mcg.

16. The Report states as follows with regard to hexavalent chromium:

"The chromium that our bodies require is called trivalent chromium or chromium (III). Another type, called hexavalent chromium (or chromium VI), does not occur in significant amounts naturally but can be formed as an industrial by-product. Ingesting large amounts of hexavalent chromium can cause stomach upsets and ulcers, convulsions, kidney and liver damage, and even death. Hexavalent chromium is also a known carcinogen (particularly when airborne) and is, for example, the form of chromium implicated as causing cancer in the movie *Erin Brockovich*. While it should not normally be found in chromium supplements, it has been known to occur as a contaminant. Consequently, all of the products claiming to contain chromium were also tested for levels of hexavalent chromium."

17. The Report further concluded that Dexatrim contains "a tea blend and ginseng, which may provide an 'energizing' feeling, but [are] not known to cause weight loss" and also "contains many B vitamins and iodine which, although needed for metabolism, will not cause weight loss."

18. According to the Center for Disease Control and Prevention (the "CDC"), hexavalent chromium poses serious adverse health effects and has been linked to a variety of diseases and illnesses.[5] Specifically, the CDC states:

19. "An increased risk of lung cancer has been demonstrated in workers exposed to Cr(VI) compounds. Other adverse health effects associated with Cr(VI) exposure include dermal irritation, skin ulceration, allergic contact dermatitis, occupational asthma, nasal irritation and ulceration, perforated nasal septa, rhinitis, nosebleed, respiratory irritation, nasal cancer, sinus cancer, eye irritation and damage, perforated eardrums, kidney damage, liver damage, pulmonary congestion and edema, epigastric pain, and erosion and discoloration of the teeth."[6]

20. Although Chattem goes to great lengths to promote the healthfulness and safety of Dexatrim, none of Chattem's promotional materials or labels disclosed the fact that Dexatrim contains hexavalent chromium, or provided any warning concerning the potential adverse health effects associated with ingestion of the hazardous chemical.

21. Plaintiff Hughes purchased Dexatrim from Walmart located on 2910 Grant Line Road, New Albany, IN 47150 over the course of 2009 approximately 3-4 times. Plaintiff Leftwich purchased Dexatrim several times since 2008 from Walgreens located on 2015 State Street, New Albany, IN 47150. Plaintiffs purchased Dexatrim because they had been exposed to the promotion, advertising and marketing of Dexatrim as set forth in detail herein, including representations that Dexatrim was safe for consumption, which was false. As a direct result of Chattem's deceptive advertising and marketing scheme, and Plaintiffs' reliance on that scheme,

---

[5] http://www.cdc.gov/niosh/topics/hexchrom/.

[6] *Id.*

Plaintiffs were deceived into purchasing and spending money on Dexatrim. In exchange for their money, Plaintiffs received something other than what was represented, a product they did not seek. As a result, they were injured.

22. Because of Chattem's deceptive acts and practices, Plaintiffs were misled into purchasing Dexatrim, thereby resulting in injury in fact and a loss of money or property resulting from Chattem's conduct. Had warnings concerning the presence of hexavalent chromium in Dexatrim been made known by Chattem—which were not—Plaintiffs would not have purchased Dexatrim and exposed themselves to the potential health problems associated with hexavalent chromium, as set forth above.

## CLASS ALLEGATIONS

23. Plaintiffs repeat and reallege all preceding paragraphs, as if fully set forth herein.

24. Pursuant to F.R.C.P. 23, Plaintiffs brings this action on behalf of themselves and all other consumers who purchased, used and ingested Dexatrim during the relevant time period. Chattem's practices and omissions were, and continue to be, applied uniformly to all members of the Class, so that the questions of law and fact are common to all members of the Class. All putative Class members were and are similarly affected by having purchased, used and ingested Dexatrim for its intended and foreseeable purpose as marketed, promoted, advertised and labeled by Chattem as set forth in detail above, and the relief sought herein is for the benefit of Plaintiffs and members of the putative Class. Plaintiffs allege that the Class is so numerous that joinder of all members would be impractical.

25. Based on the annual sales of Dexatrim and the popularity of Dexatrim, it is apparent that the number of consumers of Dexatrim would at least be in the many thousands, thereby making joinder impossible.

26. Questions of law and fact common to the Class and the subclasses exist that predominate over questions affecting only individual members, including, *inter alia*:

   (a) Whether Chattem's acts and/or representations in marketing, advertising, labeling and selling of Dexatrim were deceptive in violation of the Ind. Code § 24-5-0.5-3;

   (b) Whether Chattem breached implied warranties in the sale of Dexatrim, thereby causing harm to Plaintiffs and class members;

   (c) Whether Chattem made misrepresentations in its marketing, advertising, packaging, labeling, distribution and sale of Dexatrim;

   (d) Whether Chattem's practices in connection with the marketing, advertising, packaging, labeling, distribution and sale of Dexatrim unjustly enriched Chattem at the expense of, and to the detriment of, Plaintiffs and Class members; and

   (e) Whether Chattem's conduct as set forth above injured consumers and if so, the extent of the injury.

27. The claims asserted by Plaintiffs in this action are typical of the claims of other Class members as the claims arise from the same course of conduct by Chattem, and the relief sought is common.

28. Plaintiffs will fairly and adequately represent and protect the interests of the Class members and all subclasses. Plaintiffs have retained counsel competent and experienced in both consumer protection and class action litigation.

29. Certification of this class action is appropriate under F.R.C.P. 23(b) because the questions of law or fact common to the respective Class members predominate over questions of law or fact affecting only individual members. This predominance makes class litigation superior to any other method available for the fair and efficient adjudication of these claims. Absent a class action remedy, it would be highly unlikely that the representative Plaintiffs or any other Class member would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed expected recovery. Certification is also appropriate

because Chattem acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole. Further, given the large number of consumers of Dexatrim, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

30. A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that such individual actions would engender. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

### FIRST CAUSE OF ACTION
(Indiana Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5, *et. seq*)

31. Plaintiffs repeat and reallege all preceding paragraphs, as if fully set forth herein.

32. Plaintiffs bring this claim on behalf of themselves and other members of the Class that purchased Dexatrim, asserting claims under the Indiana Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5, *et seq.* ("IDCSA").

33. The IDCSA broadly prohibits businesses from using deceptive sales practices.

34. Each Plaintiff is a "person" as defined by the IDCSA, Ind. Code. § 24-5-0.5-2(a)(2).

35. The sale of Dexatrim by Defendant is a "consumer transaction" as defined by the IDCSA, Ind. Code. § 24-5-0.5-2(a)(1).

36. Defendant is a "supplier" defined by the IDCSA, Ind. Code. § 24-5-0.5-2(a)(3).

37. In the conduct of trade or commerce regarding its manufacturing, marketing, advertising, packaging, labeling, distribution and sale of Dexatrim, Defendant engaged in one or more deceptive sales practices in violation of the IDSCA in the production, marketing, advertising, packaging, labeling, distribution and sale of Dexatrim, including, but not limited to, misrepresenting that Dexatrim was safe for consumption, even though it contains the hazardous chemical hexavalent chromium, and/or failing to disclose the true nature of Dexatrim, including its hexavalent chromium content and the health risks associated therewith.

38. By means of the conduct alleged in this Complaint, Defendant violated the IDSCA, in the production, marketing, advertising, packaging, labeling, distribution and sale of Dexatrim. Specifically, Defendant has made the following representations, among others, prohibited as deceptive acts by the IDSCA:

(1) That the subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have; and

(2) That the subject of a consumer transaction is of a particular standard, quality, grade, style or model, if it is not and if the supplier knows or should reasonably know that it is not.

39. By manufacturing, marketing, advertising, packaging, labeling, distributing and/or selling Dexatrim as healthful and safe, when Defendant either knew, recklessly disregarded or reasonably should have known contains the hazardous chemical chromium hexavalent, Plaintiff is informed and believes and based thereon alleges that Defendant reaped millions of dollars in profits that it otherwise would not have obtained and caused Plaintiff and other members of the Class to expend money on products which were not safe for consumption.

40. Plaintiff is informed and believes based thereon alleges that Defendant engaged in its deceptive conduct for the purpose of obtaining millions of dollars in sales of Dexatrim which it represented as healthful and safe when, in fact, it contains the hazardous chemical chromium hexavalent.

41. Under Ind. Code. § 24-5-0.5-3 and Ind. Code. § 24-5-0.5-4, Plaintiffs and Class members are entitled to refund all monies acquired by Defendant by means of the unlawful practices alleged in this Complaint, as well as compensatory damages, treble damages and attorney's fees.

42. If the Court holds that the IDCSA does not apply to Defendant's conduct in any respect, Plaintiffs further assert claims under all other applicable state laws.

## SECOND CAUSE OF ACTION
(Breach of Implied Warranty of Merchantability, Ind. Code § 26-1-2-314)

43. Plaintiffs repeat and reallege all preceding paragraphs, as if fully set forth herein.

44. Plaintiffs and other Class members purchased Dexatrim, which was, and continues to be, promoted, marketed, advertised, packaged and labeled as being safe for consumption even though it contains the hazardous chemical hexavalent chromium. Pursuant to these sales, Chattem impliedly warranted per Ind. Code § 26-1-2-314 that Dexatrim would be merchantable, including that Dexatrim® would be fit for the ordinary purposes for which such goods are used and conform to the promises or affirmations of fact made in Dexatrim promotions, marketing, advertising, packaging and labels. In doing so, Plaintiffs and other Class members relied, and continue to rely, on Chattem's representations that Dexatrim was safe for consumption and, at, or about, that time, Chattem sold to Plaintiffs and other Class members Dexatrim. By its

representations regarding the reputable nature of its company and related entities, and by its promotion, marketing, advertising, packaging and labeling of Dexatrim, Chattem warranted that Dexatrim would be safe for consumption. Plaintiffs and Class members bought, and continue to buy, Dexatrim from Chattem, relying on Chattem's representations that Dexatrim would be safe for consumption. However, Dexatrim is not safe for consumption since, as described in detail above, it contains the hazardous chemical hexavalent chromium.

45. Chattem was, and continues to be, ordinarily engaged in the business of manufacturing, marketing, distributing and promoting Dexatrim as being safe to consume. Chattem breached the warranty implied at the time of sale in that Plaintiffs and Class members did not receive a product that was safe for consumption, and thus Dexatrim was not merchantable as fit for the ordinary purposes for which such goods are used or as promoted, marketed, advertised, packaged, labeled or sold, in violation of Ind. Code § 26-1-2-314.

46. As a proximate result of this breach of warranty by Chattem, Plaintiffs and Class members have, and continue to suffer damages in an amount to be determined at trial in that, among other things, they purchased and paid for a product that did not conform to what was promised as promoted, marketed, advertised, packaged and labeled by Chattem, and they were deprived of the benefit of their bargain and spent money on a product that did not have any value or had less value than warranted or a product they would not have purchased and used had they known the true facts about it.

### THIRD CAUSE OF ACTION
(Breach of Implied Warranty of Fitness for Particular Purpose, Ind. Code § 26-1-2-315)

47. Plaintiffs repeat and reallege all preceding paragraphs, as if fully set forth herein.

48. Plaintiffs and other Class members purchased Dexatrim, which was, and continues to be, promoted, marketed, advertised, packaged and labeled as being safe for consumption even though it contains the hazardous chemical hexavalent chromium. Pursuant to these sales, Chattem impliedly warranted per Ind. Code § 26-1-2-315 that Dexatrim was safe for consumption. By its representations regarding the reputable nature of its company and related entities, and by its promotion, marketing, advertising, packaging and labeling of Dexatrim, Chattem warranted that Dexatrim was safe for consumption. Plaintiffs and Class members bought Dexatrim, relying on Chattem's skill and judgment in furnishing suitable goods as well as Chattem's representations that Dexatrim would be safe for consumption. However, as set forth in detail above, Dexatrim contains the hazardous chemical hexavalent chromium.

49. Chattem breached the warranty implied at the time of sale in that Plaintiffs and Class members did not receive a product that was safe for consumption, as it contains the hazardous chemical hexavalent chromium, as promoted, marketed, advertised, packaged, labeled or sold, in violation of Ind. Code § 26-1-2-315.

50. As a proximate result of this breach of warranty by Chattem, Plaintiffs and Class members have, and continue to suffer damages in an amount to be determined at trial in that, among other things, they purchased and paid for a product that did not conform to what was promised as promoted, marketed, advertised, packaged and labeled by Chattem, and they were deprived of the benefit of their bargain and spent money on a product that did not have any value or had less value than warranted or a product they would not have purchased and used had they known the true facts about it.

## FOURTH CAUSE OF ACTION
(Intentional Misrepresentation)

51. Plaintiffs repeat and reallege all preceding paragraphs, as if fully set forth herein.

52. Chattem has represented, and continues to represent, to the public, including Plaintiffs, by marketing, advertising, packaging, labeling and other means, that Dexatrim has characteristics, ingredients, and qualities that its does not have, specifically, that Dexatrim is safe for consumption, even though, as set forth above, Dexatrim contains the hazardous chemical hexavalent chromium.

53. At the time Chattem made the representations herein alleged, Chattem knew that the representations were false.

54. Chattem made the misrepresentations herein alleged with the intention of depriving Plaintiffs and Class members of property or otherwise causing injury.

55. Plaintiffs and other members of the Class believed and relied on Chattem's marketing, advertising, packaging and labeling of Dexatrim, and, in justifiable reliance thereon, purchased Dexatrim.

56. As a proximate result of these acts, Plaintiffs and other members of the Class were, and continue to be, induced to spend an amount to be determined at trial on Dexatrim, and thereby lost money by purchasing a product that was not what it was represented to be, which was worth less than they paid for it and which they would not have purchased but for the misrepresentations.

## FIFTH CAUSE OF ACTION
(Unjust Enrichment)

57. Plaintiffs repeat and reallege all preceding paragraphs, as if fully set forth herein.

58. Chattem has, and continues to benefit from its unlawful acts by receiving excessive revenue derived from the sale of Dexatrim, which it misrepresents as being safe for consumption, when in fact, as set forth above, it is not. Chattem appreciates and/or knows the benefit of the receipt of such excessive revenue. This excessive revenue has been received by Chattem at the expense of Plaintiffs and other members of the Class, under circumstances in which it would be inequitable for Chattem to be permitted to retain the benefit.

59. Plaintiffs and other members of the Class are entitled to the establishment of a constructive trust consisting of the benefit conferred upon Chattem in the form of their excessive revenue derived from the sale of Dexatrim from which Plaintiffs and other Class members may make claims on a *pro rata* basis for restitution.

## SIXTH CAUSE OF ACTION
(For Injunctive and Declaratory Relief)

60. Plaintiffs repeat and reallege all preceding paragraphs, as if fully set forth herein.

61. As set forth in detail above, through the improper practices described above, Chattem has misrepresented to Plaintiffs and other members of the Class that Dexatrim is safe to consume even though it contains the hazardous chemical hexavalent chromium.

62. Chattem's practices described herein are unlawful and against public policy and, therefore, Chattem should be prohibited and enjoined from engaging in these practices in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Class pray that the Court enter judgment for them against Chattem as follows:

(a) Certifying the Class pursuant to F.R.C.P. 23, certifying Plaintiffs as the representatives of the Class, and designating Plaintiffs' counsel as counsel for the Class;

(b) Declaring that Chattem's acts and practices are unlawful;

(c) Awarding Plaintiffs and the Class permanent injunctive relief, pursuant to, without limitation, Ind. Code § 24-5-0.5-4, prohibiting, restraining and enjoining Chattem from engaging in the conduct complained of herein, including, *inter alia*, marketing, advertising, packaging and labeling Dexatrim as being safe to consume;

(d) Ordering Chattem to issue corrective advertising;

(e) Awarding Plaintiffs and the Class damages, attorneys' fees and other reasonable costs; and,

(f) Granting any such other and further legal or equitable relief as this Court deems appropriate.

Dated: November 4, 2010                    Respectfully Submitted,

PRICE WAICUKAUSKI & RILEY, LLC

William N. Riley, Atty. No. 14941-49
Joseph N. Williams, Atty. No. 25874-49
301 Massachusetts Avenue
Indianapolis, IN 46204
(317) 633-8787

WHATLEY DRAKE & KALLAS, LLC
Joe R. Whatley, Jr.
Patrick J. Sheehan
1540 Broadway, 37th Floor
New York, New York 10036
(212) 447-7070

LAW OFFICES OF JIM MCFERRIN
James H. McFerrin
2117 Magnolia Avenue So., Suite 100
Birmingham, Alabama 35205
(205) 870-5704

LAW OFFICES OF ROB TELLMAN
Robert S. Tellman, III
2117 Magnolia Avenue So., Suite 100
Birmingham, Alabama 35205
(205) 370-1998

Reese Richman LLP
Michael R. Reese
875 Avenue of the Americas
Eighteenth Floor
New York, New York 10001
(212) 579-4625

Howard W. Rubinstein
ATTORNEY AT LAW
914 Waters Avenue, Suite 20
Aspen, Colorado 81611
(832) 715-2788

*Attorneys for Plaintiffs*

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiffs, by counsel, respectfully requests a jury trial on all issues deemed so triable.

Joseph N. Williams
*Attorney for Plaintiff*